*29 OPINION.
Siefkin :
At the hearing petitioner waived its contention as to the March 1, 1913, value allowed by the Commissioner for the stock in the Charles P. Limbert Co. The only issue remaining is as to the validity of the transfer of December, 1920. The respondent contends that the circumstances tending to show the gift was not bona fide are: (1) That the proceeds from the sale of the stock went to Charles P. Limbert and not to Clara T. Limbert; (2) that such proceeds were not received by Clara T. Limbert until after the death of her brother and were then received by her as his heir; (3) that the proceeds from the sale of the stock were included in the inventory of the estate in the probate proceedings and in the estate-tax return to the Federal Government; (4) that the amount of such proceeds was included in an attempted trust which Charles Limbert purported to create for the benefit of his sister at or about the time of the sale of the stock.
As to the first and second points, it is our opinion that the evidence shows clearly that the proceeds of the sale became the separate property of Clara T. Limbert. As to the third point, the inventory and estate-tax return were made by a minor officer of the Michigan Trust Co. who had no knowledge of the conditions under which the proceeds of the sale were received or were dealt with in October, 1922, and that when the matter was discovered by persons cognizant of the facts and authorized to act for the estate, steps were taken to correct the mistake. The fourth contention is based upon facts which, in our opinion, instead of showing that the brother considered the proceeds as his own, tend to show that he intended his sister to have such property absolutely.
Clara T. Limbert, the only living relative of Charles P. Limbert, was the natural object of his bounty, and we are fully convinced from the testimony of the witnesses who appeared at the trial, and from the circumstances surrounding all of the transactions in question, that the gift to the sister was a valid one.

Judgment mil be entered on 15 days' notice, v/nder Rule 50.

Considered by Trammell, Moeeis, and Muedock.